Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 27 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

U.S.A. vs. ERNESTO CASTILLO LOPEZ, JR.          Docket No. CR 00-00164DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW JONATHAN K. SKEDELESKI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ERNESTO CASTILLO LOPEZ, JR. who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 5th day of March 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant comply with the requirements of the Immigration and Naturalization Service (INS), including submitting to deportation proceedings and not reentering the U.S. without proper authorization.

On 12/28/2005, the Court modified supervised release due to the subject's noncompliance. The following additional special conditions were imposed:

6. That the defendant is prohibited from the possession and consumption of alcohol for one year.

7. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

8. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month.

9. That the defendant perform twenty-four (24) hours of community service as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. On 4/8/2005, the subject failed to answer truthfully inquiries of the probation officer, in violation of Standard Condition No. 3.

2. On 8/18/2005, the subject refused to comply with substance abuse counseling, in violation of Special Condition No. 3.

3. On 10/22/2005, the subject engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of the Hawaii Revised Statute (HRS) 291E-61 and the General Condition.

4. On 5/31/2006 and 8/31/2006, the subject failed to complete 24 hours of community service, in violation of Special Condition No. 9.

5. On 10/16/2006, the subject failed to notify the probation officer 10 days prior to a change in employment, in violation of Standard Condition No. 6.

6. On 12/22/2005, 4/17/2006, and 10/24/2006, the subject refused to comply with drug testing, in violation on Special Condition No. 3.

7. On 10/24/2006, the subject failed to follow instructions of the probation officer, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on October 26, 2006

        JONATHAN K. SKEDELESKI
        U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 26th day of October, 2006, and ordered filed and made a part of the records in the above case.

　　　　　　　　　　　　　　　　DAVID ALAN EZRA
　　　　　　　　　　　　　　　　U.S. District Judge

Re:   **LOPEZ, JR., Ernesto Castillo**
      **Criminal No. CR 00-00164DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

Having been convicted of Bank Robbery, the subject was sentenced by Your Honor on 3/5/2001. He was sentenced to sixty-five (65) months imprisonment followed by three (3) years of supervised release with the special conditions noted on the first page of this petition. Supervised release commenced on 4/4/2005.

On 12/28/2005, the Court modified the subject's supervised release due his arrest for driving under the influence of alcohol and for failing to follow instructions. As a result, the Court imposed special conditions 6 through 9 as noted on the first two pages of this petition. Since the modification, the subject has continued to be noncompliant and has disregarded our attempts to rectify his behavior. As a result, Court action appears necessary. During the course of supervision, the subject has violated the following conditions:

**Violation No. 1 - On 4/8/2005, the subject failed to answer truthfully inquiries of the probation officer:** On 4/8/2005, the subject was oriented to the conditions of supervised release. Among other conditions, he was instructed to remain law-abiding and to not drive a vehicle without a valid driver's license. During the orientation, the subject asked to leave to pay the parking meter. Being aware that the subject did not have a valid driver's license, this officer asked him if he drove to the Probation Office. The subject denied driving and stated that his sister was waiting for him in her car. However, after further questioning the subject admitted that he drove his vehicle to the Probation Office knowing it was against the law.

**Violation No. 2 - On 8/18/2005, the subject refused to comply with substance abuse counseling:** During the orientation on 4/8/2005, the conditions and procedures of drug testing and counseling were reviewed with the subject. He was referred to Hina Mauka for substance abuse counseling and drug testing. On 8/19/2005, Hina Mauka informed our office that the subject failed to report for substance abuse counseling on 8/18/2005. Later that day, the subject stated that he forgot about his counseling.

**Violation No. 3 - On 10/22/2005, the subject engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of the Hawaii Revised Statute (HRS) 291E-61:** On 10/25/2005, the subject notified our office that he was arrested by the Honolulu Police Department (HPD) for driving under the influence of alcohol on 10/22/2005. He admitted drinking alcohol prior to driving, but denied being inebriated.

Re:   **LOPEZ, JR., Ernesto Castillo**
      **Criminal No. CR 00-00164DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

The police report was reviewed on 11/14/2005. The report indicated that the subject was seen disregarding a red traffic light in the Wahiawa area and was later stopped near his residence in Whitmore Village. The subject allegedly had red and glassy eyes, and he had a strong odor of alcohol emanating from his breath. The subject failed the field sobriety test and was subsequently arrested for OVUII. He was transported to the police station where he submitted to a breath test that revealed a Blood Alcohol Content (BAC) of .110. According to the HRS, the legal BAC limit is .08.

On 11/16/2005, the subject reported to the Probation Office. He was questioned about the arrest on 10/22/2005 and denied being "drunk" on the night in question. He stated that he knows how to consume alcohol responsibly and would not have operated a vehicle if he was inebriated. The subject stated that he was drinking beer with friends on 10/22/2005 and was subsequently stopped by HPD only a few blocks from his house. He stated that he was coherent and not under the influence of alcohol. At this time, the subject is contesting the charge and the case is pending adjudication by the State of Hawaii.

An area of concern is that the subject was enrolled in the one-(1) year drug treatment and testing program at Hina Mauka at the time of his arrest for OVUII. As a condition of the program, participants are required to abstain from the consumption of alcohol for the duration of their enrollment. As a result, the subject was in violation of the substance abuse program rules. Furthermore, on 4/8/2005 and 4/25/2005, this officer specifically instructed the subject not to consume alcohol during the one-(1) year program.

**Violation No. 4 - On 5/31/2006 and 8/31/2006, the subject failed to complete 24 hours of community service:** As previously mentioned, the Court imposed Special Condition No. 9 (24 hours community service) as a sanction for the subject's noncompliance. In February 2006, the subject was referred to the Word of Life church for community service. Despite being instructed on numerous occasions to complete the required hours, the subject has not satisfied his community service. On 4/20/2006, this officer instructed the subject to complete the 24 hours of community service by 5/31/2006, which he failed to do. On 8/14/2006, the subject was instructed to complete the hours by 8/31/2006. On 10/17/2006, the Word of Life church notified our office that the subject did not complete the 24 hours and hasn't reported for over one month. To date, the subject has only completed about 10 of the 24 hours of community service.

Re:   **LOPEZ, JR., Ernesto Castillo**
      **Criminal No. CR 00-00164DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

**Violation No. 5 - On 10/16/2006, the subject failed to notify the probation officer 10 days prior to a change in employment:** On 10/16/2006, this officer contacted the subject's employer, EKO Painting. The subject's supervisor stated that the subject took an indefinite leave of absence about three (3) weeks ago for personal reasons. This officer was unable to contact the subject until an unannounced home inspection was conducted on 10/23/2006. The subject stated that he took an indefinite leave of absence because he was having problems with his co-workers. In addition, he was having personal problems and needed a break. He stated that he did not notify our office of his change in employment status because he didn't think it was necessary. The Court should be aware that the subject has been unable to maintain stable employment since the start of supervision.

**Violation No. 6 - On 12/22/2005, 4/17/2006, and 10/24/2006, the subject refused to comply with drug testing; and Violation No. 7 - On 10/24/2006, the subject failed to follow instructions of the probation officer:** On 12/23/2005 and 4/18/2006, Hina Mauka notified our office that the subject did not report for drug testing on 12/22/2005 and 4/17/2006, respectively. The subject was questioned after each incident, and he stated that he forgot about the drug tests.

During the aforementioned home inspection on 10/23/2006, the subject was instructed to report to the Probation Office on 10/24/2006 to submit to a drug test and to discuss other issues. This officer warned the subject that it was imperative that he report as instructed or there would be severe consequences. The subject agreed and reassured this officer he would report. By the close of business on 10/24/2006, the subject failed to report to the Probation Office and made no attempts to contact our office. However at 9:00 p.m., the subject left this officer a voice message relating that he did not report because his car's windshield wipers were not working and that his car was low on gas. The Court is reminded that the subject does not possess a valid driver's license. Furthermore, this officer specifically instructed the subject on 10/23/2006 to not drive.

Another area of concern is that the subject has not reassured our office that he is drug-free. On 10/23/2006, when asked if he would test positive for drugs the subject stated, "Probably not." When questioned further, he stated, "Nah, I should be clean." His failure to provide a drug test the following day suggests otherwise.

Re: **LOPEZ, JR., Ernesto Castillo**
**Criminal No. CR 00-00164DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

    Given the violations, coupled with the subject's violent criminal history as outlined in the presentence report, the subject appears to pose a danger to the community. Therefore, we respectfully recommend that the Court order the issuance of a No Bail warrant and that the subject be brought before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

Timothy M. Jenkins
Supervising U.S. Probation Officer

JKS/ct

Re:  LOPEZ, JR., Ernesto Castillo
     Criminal No. CR 00-00164DAE-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 5

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:       ERNESTO CASTILLO LOPEZ, JR.                    Docket No.  CR 00-00164DAE-01
Address:

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing 1/6/2005.

      While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

  (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

  (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

  (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**
(1) The defendant is prohibited from possessing any illegal or dangerous weapons.
(2) The defendant shall provide the Probation Office access to any requested financial information.
(3) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.
(4) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.
(5) That the defendant comply with the requirements of the Immigration and Naturalization Service (INS), including submitting to deportation proceedings and not reentering the U.S. without proper authorization.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _4-8-05_
ERNESTO CASTILLO LOPEZ, JR., Defendant       Date

_____   _4/8/05_
JONATHAN K. SKEDELESKI              Date
U.S. Probation Officer

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

for the

DEC 2 8 2005

'05 DEC 28 A11:0

## DISTRICT OF HAWAII

at 10 o'clock and 18 min. A M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: ERNESTO CASTILLO LOPEZ, Jr.    Case Number: CR 00-00164DAE-01

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
U.S. District Judge

Date of Original Sentence: 3/5/2001

Original Offense:   Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Sixty-five (65) months imprisonment followed by three (3) years supervised release with the following special conditions: 1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant provide the Probation Office access to any requested financial information; 3) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 5) That the defendant comply with the requirements of the Immigration and Naturalization Service (INS), including submitting to deportation proceedings and not reentering the U.S. without proper authorization.

Type of Supervision: Supervised Release    Date Supervision Commenced: 4/4/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

6)    *That the defendant is prohibited from the possession and consumption of alcohol for one year.*

7)    *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable*

*suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

8) *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month.*

9) *That the defendant perform twenty-four (24) hours of community service as directed by the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | On 10/22/2005, the subject engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of the Hawaii Revised Statute (HRS) 291E-61. |
| 2. Standard Condition No. 3 | On 10/22/2005, the subject failed to follow instructions of the probation officer. |

On 10/25/20005, the subject notified our office that he was arrested by the Honolulu Police Department (HPD) for driving under the influence of alcohol on 10/22/2005. He admitted drinking alcohol prior to driving, but denied being inebriated. The subject stated that he intends to plead Not Guilty to the charge and a hearing on the matter is pending.

The police report was reviewed on 11/14/2005. The report indicated that the subject was seen disregarding a red traffic light in the Wahiawa area and was later stopped near his residence in Whitmore Village. The subject allegedly had red and glassy eyes, and he had a strong odor of alcohol emanating from his breath. The subject failed the field sobriety test and was subsequently arrested for OVUII. He was transported to the police station where he submitted to a breath test that revealed a Blood Alcohol Content (BAC) of .110. According to the HRS, the legal BAC limit is .08.

On 11/16/2005, the subject reported to the probation office. He was questioned about the arrest on 10/22/2005 and denied being "drunk" on the night in question. He stated that he knows how to consume alcohol responsibly and would not have operated

a vehicle if he was inebriated. The subject stated that he was drinking beer with friends on 10/22/2005 and was subsequently stopped by HPD only a few blocks from his house. He stated that he was coherent and not under the influence of alcohol. As previously mentioned, the subject intends on contesting the OVUII charge.

An area of concern is that the subject was enrolled in the one (1) year drug treatment and testing program at Hina Mauka at the time of his arrest for OVUII. As a condition of the program, participants are required to abstain from the consumption of alcohol for the duration of their enrollment. As a result, the subject was in violation of the substance abuse program rules. Furthermore, on 4/8/2005 and 4/25/2005, this officer specifically instructed the subject not to consume alcohol during the one (1) year program.

To address his noncompliance, the subject has agreed to modify the conditions of his supervision. As a sanction, the subject agrees to perform twenty-four (24) hours of community service. Furthermore, the subject agreed to a search condition which will serve as an added deterrent and enable our office to more closely scrutinize the subject's activities should the need arise. As corrective measures, the subject agreed to re-enroll in the individual substance abuse counseling component at Hina Mauka; submit to additional drug and alcohol testing; and refrain from the possession and consumption of alcohol for one (1) year. Lastly, in light of U.S. vs. Stephens, the proposed Special Condition No. 8 will allow our office to continue drug testing for the duration of supervision.

To his credit, the subject's overall supervision adjustment has been satisfactory. He has maintained steady employment as a painter and his home life appears stable.

Therefore, we respectfully recommend that the Court allow the subject to remain under our supervision and to impose special conditions number 6 through 9. These new conditions will address the subject's violations and allow our office to closely monitor his progress. The subject agrees to these modifications of his supervised release.

Prob 12B
(7/93)

4

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 12/22/2005

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[  ]    Other

_____
DAVID ALAN EZRA
U.S. District Judge

**2 8** DEC **2005**
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]  To extend the term of supervision for  years, for a total term of  years.
[ X ]  To modify the conditions of supervision as follows:

   6.   *That the defendant is prohibited from the possession and consumption of alcohol for one year.*

   7.   *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

   8.   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month.*

   9.   *That the defendant perform twenty-four (24) hours of community service as directed by the Probation Office.*

Witness: JONATHAN K. SKEDELESKI
U.S. Probation Officer

Signed: ERNESTO CASTILLO LOPEZ, JR.
Supervised Releasee

12-19-05
Date